UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Brenda M. Stewart,

    Plaintiff,

v.

Commissioner of Social Security,

    Defendant.

Case No. 2:20-cv-4391

Judge Michael H. Watson

Magistrate Judge Jolson

## OPINION AND ORDER

Magistrate Judge Jolson, to whom this case was referred, issued a Report and Recommendation ("R&R") recommending the Court overrule Plaintiff's Statement of Specific Errors and affirm the Commissioner of Social Security's ("Commissioner") decision denying Plaintiff's application for Disability Insurance Benefits and Supplemental Security Income. R&R, ECF No. 22. Plaintiff objects. Obj., ECF No. 23. For the following reasons, the Court **OVERRULES** Plaintiff's objections.

### I. STANDARD OF REVIEW

Because the R&R was issued pursuant to Federal Rule of Civil Procedure 72(b), the Undersigned must determine *de novo* any part of the Magistrate Judge's disposition that has been properly objected to. Fed. R. Civ. P. 72(b)(3). The Undersigned may accept, reject, or modify the R&R, receive further evidence, or return the matter to the Magistrate Judge with instructions. *Id.*

## II.  ANALYSIS

In her Statement of Specific Errors, Plaintiff argued the administrative law judge ("ALJ") did not properly evaluate the opinions of Plaintiff's occupational therapist and primary care provider, as encapsulated in a report (the "Report"). Stmt. Specific Errors 9–13, ECF No. 18.  Specifically, Plaintiff argued that the ALJ failed to properly consider the supportability and consistency of the Report, as required by 20 C.F.R. § 404.1520c. *Id.*

The Magistrate Judge rejected Plaintiff's contention of error. R&R 5–12, ECF No. 22.  The R&R explained the framework ALJs should use for evaluating medical opinions. *Id.*  Next, the R&R examined whether the ALJ properly considered the supportability and consistency of the Report and concluded that the ALJ did not err in his consideration of those two factors. *Id.*  The R&R observed in closing that "[w]hile Plaintiff refers to other evidence that might support a different conclusion . . . this Court is not permitted to decide the facts anew or re-weigh the evidence." *Id.* at 12 (internal quotation marks and citations omitted).

On objection, Plaintiff argues that the Magistrate Judge incorrectly determined that the ALJ sufficiently considered the supportability and consistency factors. Obj. 2–4, ECF No. 17.  According to Plaintiff, the ALJ erred in his supportability assessment because he discounted the Report as being heavily influenced by Plaintiff's subjective complaints. *Id.*  Plaintiff argues that other record evidence supports those subjective complaints and so, contends

Plaintiff, the ALJ should not have discounted the Report because it may have relied on Plaintiff's subjective complaints. *Id.* Similarly, Plaintiff argues that those same pieces of record evidence demonstrate that the Report is consistent with the record and, therefore, the ALJ erred in his consistency evaluation. *Id.* Finally, Plaintiff argues that the ALJ did not properly account for her dizziness and balance issues in the Residual Functional Capacity ("RFC"). *Id.*

On *de novo* review, the Court agrees with the R&R. Plaintiff essentially argues the ALJ should have weighed the evidence differently and reached a different conclusion, see generally, *id.*, but the ALJ sufficiently explained why he rejected the Report and discounted Plaintiff's dizziness and balance issues, *see* A.R. at PAGEID # 30, ECF No. 14. That explanation included a discussion whether the Report was supported by and consistent with the record evidence. *Id.* Moreover, the ALJ's analysis is supported by substantial evidence, even if the opposite conclusion would also have been supportable. *E.g.*, A.R. at PAGEID ## 326, 362, 378–81, 527–30, 665–68, 671, 707, 726–27, 760, 983, 987, ECF No. 14; *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (stating the court should defer to an ALJ's analysis if it is supported by substantial evidence "even if there is substantial evidence in the record that would have supported an opposite conclusion." (internal quotation marks and citation omitted)). Further, the ALJ incorporated limitations into the RFC to accommodate Plaintiff's dizziness and balance issues, to the extent that the ALJ credited the severity of those issues. The Court will not now re-weigh the

evidence or craft a new RFC. *See Rottmann v. Comm'r of Soc. Sec.*, 817 F. App'x 192, 196 (6th Cir. 2020) ("But this court does not weigh evidence, assess credibility, or resolve conflicts in testimony—that's the ALJ's job." (internal quotation marks and citations omitted)).

## III. CONCLUSION

For the above reasons, Plaintiff's objection is **OVERRULED**, the R&R is **ADOPTED**, Plaintiff's Statement of Specific Errors is **OVERRULED**, and the Commissioner's decision is **AFFIRMED**. The Clerk shall enter judgment for Defendant and terminate this case.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**